IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON RICHARD GRANT and  JACQUELINE LILIAN HARRINGTON, *Plaintiffs*, <br><br>v. <br><br>SUSAN HIGHTOWER, DAVID EZRA, CHRISTOPHER BRADLEY, PATRICK KEMP, and JOHN SHIM, *Defendants*. | § § § § § § § § § § § | CASE NO. 1:25-CV-00571-RP |

**DEFENDANT PATRICK KEMP'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)**

TO THE HONORABLE ALAN D. ALBRIGHT, U.S.D.J.:

COMES NOW Defendant Patrick Kemp and files this Rule 12(b)(6) Motion to Dismiss, requesting that the claims against him in Plaintiff's Complaint [Doc. #1] be dismissed for failure to state a claim upon which relief can be granted. In support thereof, Mr. Kemp would show:

### I.    INTRODUCTION

Plaintiffs' claims in this action arise from a prior lawsuit brought by Plaintiffs Don Grant and Jacqueline Harrington against their homeowner's insurance carrier, Nationwide Mutual Insurance Company[1] (hereinafter, "Nationwide"). Plaintiffs sued Nationwide under the Texas Prompt Payment Act. Nationwide retained attorney Patrick Kemp of Segal McCambridge Singer & Mahoney ("SMSM") to represent it in the Nationwide Lawsuit. Following the unfavorable (to Plaintiffs) disposition of the Nationwide Lawsuit, Plaintiffs filed this retaliatory action wherein they claim a litany of civil rights violations, fraud, and conspiracy against virtually everyone who was involved in the underlying Nationwide Lawsuit and related bankruptcy matters.

---

[1] Case No. 24-CV-00247-DAE, *Grant, et al. v. Nationwide Insurance Company*, in the U.S. District Court for the Western District of Texas (Austin Division) (hereinafter the "Nationwide Lawsuit").

Plaintiffs' claims in this action are patently frivolous. But more to the point for purposes of this Motion, Mr. Kemp is entitled to dismissal of all claims through application of the attorney immunity doctrine. The attorney immunity doctrine shields attorneys from liability to third parties for actions undertaken in the course of representing their client in contested litigation. Plaintiffs' claims against Mr. Kemp in this suit arise from actions undertaken for his client, Nationwide, against Plaintiffs. As such, Mr. Kemp is entitled to dismissal of the claims against him in their entirety. Plaintiffs' claims are also barred by the judicial proceedings privilege. Finally, Plaintiffs have failed to plead a plausible cause of action for violation of their constitutional rights.

## II.    FACTUAL BACKGROUND

This action arises from a prior collection lawsuit filed by Plaintiffs Don Grant and Jacqueline Harrington against Nationwide Mutual Insurance Company. *See* Doc. #1 at ¶ 2. Plaintiffs claimed they were entitled to an insurance payment under the Texas Prompt Payment Act. *Id.* at ¶ 2; Section V. There was a dispute concerning the extent of the damages claimed by Plaintiffs as well as true ownership of the property following Plaintiffs' bankruptcy filing. *Id.* at ¶ 8. Nationwide retained Patrick Kemp to represent it as counsel in a civil lawsuit against Grant and Harrington. *Id.* at ¶¶ 2; 7.

Following the final judgment in the Nationwide Lawsuit, Plaintiffs claim that Mr. Kemp, Judge Hightower, Judge Ezra, Judge Bradley, and John Shim, acted in a concerted effort to deprive them of their constitutional rights and commit fraud against the Plaintiffs. *Id.* at ¶¶ 7-9; 10-11; 12-13; Section X1.A; ¶¶ 15-24. Specifically, Plaintiffs argue that Mr. Kemp:

- conspired with judicial officials by attaching a third-party to the insurance benefits. *Id.* at ¶¶ 6-9.
- fraudulently removed the case to federal court. *Id.* at Section XI.A.

- fraudulently sent an expert witness and insurance adjuster to inspect Plaintiffs' insured property. *Id.* at ¶¶ 25-28.

- fraudulently had the case reassigned to Judge Ezra. *Id.* at ¶ 29.

- conspired with the Bankruptcy Court to dismiss their bankruptcy claims. *Id.* at ¶¶ 31-34.

- conspired with Judge Hightower to fraudulently extend the discovery period. *Id.* at ¶¶ 45-54.

- conspired with the Court through *ex parte* hearings. *Id.* at ¶¶ 55-57.

Whatever the relative merits of these claims (or even whether Mr. Kemp could possibly authorize and orchestrate these actions), there is no dispute that the allegations against Mr. Kemp arise from his representation of Nationwide during litigation against the Plaintiffs. *See id.* at ¶ 2. Indeed, on the first page of their Complaint, Plaintiffs allege that:

> beginning in 2021, the attorney representing Nationwide Insurance in a Texas Prompt Payment Act claim engaged in a concerted effort with various individuals—including expert witnesses, local police departments, and federal officials such as Magistrate Judge Susan Hightower, Bankruptcy Judge Christopher Bradley, and District Judge David Ezra—to obstruct the disbursement of owed insurance benefits. This conspiracy involved manipulating judicial proceedings, suppressing evidence, and retaliating against the Plaintiff for exercising her legal rights, thereby infringing upon her rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

*Id.*

### III.   STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 556 662, 678 (2009). A complaint, therefore,

must contain "more than labels and conclusions" or mere "formulaic recitations of the elements of a cause of action" to establish a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has 'factual plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* at 679. "Therefore, bare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient." *Id.* at 678.

As stated by the Fifth Circuit, "[i]n order to avoid dismissal for failure to state a claim … 'a plaintiff must plead specific facts, not mere conclusory allegations.' . . . [A court will] not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (emphasis added). "[A] statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). Courts are not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint, and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.* Courts do not strain to find inferences favorable to the plaintiffs. *Southland Securities Corp. v. INSpire Ins. Solutions. Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense appears on the face of the pleadings. *Kansa Reinsurance Co., Ltd. v. Cong. Mtg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). "In a case involving absolute privilege, a motion to dismiss may be granted if the privilege is apparent on the face of the complaint." *50-Off Stores, Inc. v. Banque*

*Paribas (Suisse) S.A.*, No. SA-95-CA-159, 1997 WL 790793, at *6 (W.D. Tex. Dec. 4, 1997). Courts routinely dismiss causes of action that are barred by attorney immunity under Rule 12(b)(6). *See Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019) (dismissal based on attorney immunity).

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Claims are Barred by the Attorney Immunity Doctrine

#### 1. The Attorney Immunity Doctrine in Texas

In Texas, attorneys are immune from suit by third parties who allege injury as the result of the attorney's representation of a client when the attorney is acting in "the uniquely lawyerly capacity of one who possesses the office, professional training, skill and authority of an attorney." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 47 (Tex. 2021) (internal quotations omitted). The "immunity applies when a non-client's claim is based on an attorney's conduct within the *scope of his representation of his clients,* as opposed to conduct that is outside the scope of his representation of his client *or foreign to the duties of a lawyer."* *Haynes and Boone, LLP v. NFTD, LLC,* 631 S.W.3d 65, 76 (Tex. 2021) (emphasis added) (affirming the defense of attorney immunity applies to adversarial context in litigation and non-litigation activities). *See also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 483 (Tex. 2015).

Specifically:

> attorney immunity protects an attorney against a non-client's claim when the claim is based on conduct that (1) constitutes the provision of "legal" services involving the unique office, professional skill, training, and authority of an attorney *and* (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and non-client do not share the same interests and therefore the non-client's reliance on the attorney's conduct is not justifiable.

*Haynes and Boone, LLP*, 631 S.W.3d at 78 (italics in original). The attorney immunity doctrine "stems from the broad declaration that attorneys are authorized to practice their profession, to

advise their clients and interpose any defense or supposed defense, without making themselves liable for damages" to non-clients. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016).

In determining whether conduct is "the kind" immunity protects, the inquiry focuses on the type of conduct at issue rather than the alleged wrongfulness of that conduct. *Landry's, Inc.,* 631 S.W.3d at 47. Accordingly, "a lawyer is no more susceptible to liability for a given action merely because it is alleged to be fraudulent or otherwise wrongful." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018); *see also Troice v Greenberg Traurig, L.L.P.*, 921 F.3d 501, 507 (5th Cir. 2019) (granting motion to dismiss claims against attorneys arising out of alleged fraudulent conduct in connection with the Stanford Ponzi scheme).

In the Texas Supreme Court's decision in *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.,* the Court noted that it had previously refused to recognize a fraud exception to the attorney immunity doctrine. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (citing *Cantey Hanger*, 467 S.W.3d at 484-86). It then refused to recognize an exception for criminal conduct. It reasoned that with such an exception:

> a plaintiff could avoid the attorney-immunity doctrine by merely alleging that an attorney's conduct was "criminal." This would "significantly undercut" the protections of attorney immunity by allowing non-client plaintiffs to sue opposing counsel so long as the plaintiffs alleged that the attorney's actions were criminal in nature.

*Id.* at 657 (citing *Cantey Hanger*, 467 S.W.3d at 483). "An attorney is not immune from suit for participating in criminal or 'independently fraudulent activities' **that fall outside the scope of the attorney's representation of a client**." *Id.* (citing *Cantey Hanger*, 467 S.W.3d at 483) (emphasis supplied). However, an attorney is absolutely immune from liability to a non-client "when the conduct alleged is connected with representing a client in litigation." *Id.*

### *3.    Mr. Kemp is Immune From Plaintiffs' Claims in Their Entirety*

Here, Plaintiffs' claims against Mr. Kemp arise from the alleged conduct in the underlying Nationwide Lawsuit. *See* Doc. #1 at ¶ 2. There is no dispute that his actions were all undertaken in a representative capacity. *See generally* Doc. #1.

Indeed, there is no allegation that Mr. Kemp undertook any culpable conduct prior to being retained by Nationwide or appearing as counsel in the Nationwide Lawsuit. The allegations fall squarely within the scope of professional activity in which lawyers engage when representing their clients, and these activities were undertaken by Mr. Kemp in the course of acting as the legal counsel for Nationwide. In other words, it was the kind of conduct that required the "office, professional training, skill, and authority of an attorney." *Haynes and Boone*, 631 S.W.3d at 76. Further, Mr. Kemp represented Nationwide in the Nationwide Lawsuit, where Nationwide and Plaintiffs were adversarial parties and did not share the same interests. *Id.* at 76.

The attorney immunity doctrine applies Plaintiffs' claims even if they label the Defendants' alleged behavior as fraudulent. *See Cantey Hanger*, 467 S.W.3d at 484. Since all of Plaintiffs' claims against Kemp fall within the attorney immunity doctrine, the Court should dismiss Plaintiffs' claims against Kemp for failure to state a claim for which relief can be granted.

### B.    **Plaintiffs' Claims are Barred by the Judicial Proceedings Privilege**

Plaintiff's claims are also barred, at least in part, by the judicial-proceedings privilege. This is an absolute privilege that covers "any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). The privilege facilitates the proper administration of justice by promoting "full and free disclosure of information ... by participants

in judicial proceedings." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015); *see also Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex. 1994) ("[T]he administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits.") (internal quotation marks omitted).

Although the judicial-proceedings privilege traditionally applies to "statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case," *James*, 637 S.W.2d at 916–17, it can also include statements made "preliminary to a proposed judicial proceeding," *Shell Oil*, 464 S.W.3d at 654 (quoting *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987)). The privilege can also extend to the right of parties and counsel "to communicate with [a quasi-judicial body] touching the matters under [its] consideration, just as such persons would have the right to communicate with a court." *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 913 (1942).

Plaintiffs repeatedly contend that Mr. Kemp's alleged oral and written statements during the course of the Nationwide Lawsuit give rise to their claims. These include, *inter alia*:

- "a fabricated contempt motion, strategically filed by Patrick Kemp and adopted by the Court to suppress Plaintiffs claims and force closure of the case without adjudication."[2]
- "falsely asserting that Bill the Asset was the rightful owner of the property."[3]
- "[Mr. Kemp's] fil[ing of] Docket 140, a fabricated motion for contempt, even though the discovery period had already closed and Plaintiffs motions were pending."[4]

---

[2] Doc. #1 at ¶ 9.
[3] Doc. #1 at ¶ 37.
[4] Doc. #1 at ¶ 47

Because these alleged statements were made in "open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case," Plaintiffs' claims based upon this alleged conduct are barred by the judicial proceedings privilege.

C. **Plaintiffs Fail To Plead The Facts Required To State Claims Under Either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 402 U.S. 388 (1971).**

In order to state a conspiracy claim under § 1983 or *Bivens*, a plaintiff must allege an agreement among the alleged co-conspirators, including a government actor, to deprive him of his constitutional rights. *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004).

Plaintiffs' conclusory allegations of a conspiracy and an unidentified deprivation of their constitutional rights are not sufficient to state a claim. "[N]aked allegations or legal conclusions masquerading as something more will not thwart dismissal." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019); *Montgomery v. Watson*, 759 Fed. App'x 312, 314 (5th Cir. 2019) (affirming dismissal where allegations of an agreement were not supported by "any identification of time, date or circumstance"). Plaintiff must allege "facts from which a trier of fact could reasonably conclude that [each Defendant] agreed with others to commit an illegal act and that a deprivation of constitutional rights occurred." *Rodriguez v. Neely*, 169 F.3d 220, 222 (5th Cir. 1999). Plaintiffs fall far short of their burden in this respect. Dismissal of their claims is appropriate on this independent basis,

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Patrick Kemp prays that pursuant to Fed. R. Civ. P. 12(b)(6) this Court grant his Motion to Dismiss, dismiss all of Plaintiff's claims against him with prejudice and grant such other and further relief to which Mr. Kemp may be justly entitled.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By: */s/ Michael B. Johnson*
Michael B. Johnson
State Bar No. 24029639
2801 Via Fortuna, Suite 300
Austin, TX 78746
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
mjohnson@thompsoncoe.com
**COUNSEL FOR DEFENDANT PATRICK KEMP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 15, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which sends notifications of such filings to all counsel of record.

*/s/ Michael B. Johnson*